[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-11091
Non-Argument Calendar
_____

D.C. Docket No. 9:90-cr-08065-JIC-9

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY HATTEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 6, 2016)

Before TJOFLAT, MARTIN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Timothy Hatten appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction. The district court denied his motion because the drug quantity attributed to him at the original sentencing hearing meant that Amendment 782 to the United States Sentencing Guidelines did not affect his sentencing range. Hatten was originally sentenced to life imprisonment for conspiracy to possess with the intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a) and 846, as well as possession with the intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 841(a) and 18 U.S.C. § 2. His sentence was later reduced to 360-months imprisonment.

On appeal, Hatten argues that the district court erroneously based its determination on the sentencing court's conversion of the quantity of powder cocaine he possessed into crack cocaine, and then into a marijuana equivalency. Hatten further argues that Alleyne v. United States, __ U.S. __, 133 S. Ct. 2151 (2013), which held that any fact that increases a defendant's mandatory minimum sentence must be submitted to the jury, id. at 2155, highlights the impropriety of the sentencing court's drug quantity determination. Beyond that, Hatten asserts that the sentencing factors in 18 U.S.C. § 3553(a) favor granting him a sentence reduction. After careful review, we affirm.

## I.

"We review <u>de novo</u> a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." <u>United States v. Jones</u>, 548 F.3d 1366, 1368 (11th Cir. 2008) (per curiam). Under § 3582(c)(2), a district court may reduce an incarcerated defendant's term of imprisonment "when that defendant was sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission." <u>United States v. Bravo</u>, 203 F.3d 778, 780 (11th Cir. 2000). A district court must engage in a two-step analysis when considering a motion for a sentence reduction under § 3582(c)(2). <u>Id.</u> First, the court must recalculate the defendant's sentence using the new sentencing range and holding all other Guidelines findings made at the original sentence hearing constant. <u>Id.</u> If a defendant's sentencing range would not be lowered by an amendment, the court may not reduce the sentence. <u>United States v. Hamilton</u>, 715 F.3d 328, 337 (11th Cir. 2013). Second, the court must consider the § 3553(a) factors in determining whether to reduce the defendant's sentence. <u>Bravo</u>, 203 F.3d at 781.

However, a court need not examine the § 3553(a) factors if it correctly recognizes it has no authority under § 3582(c)(2) to reduce a defendant's sentence. <u>See</u> <u>United States v. Webb</u>, 565 F.3d 789, 793 (11th Cir. 2009) (per curiam). "[A] sentencing adjustment undertaken pursuant to Section 3582(c)(2) does not constitute a <u>de novo</u> resentencing." <u>Bravo</u>, 203 F.3d at 781. Accordingly,

3

§ 3582(c)(2) does not "grant to the court jurisdiction to consider extraneous sentencing issues." Id. at 782.

Amendment 782 to the Sentencing Guidelines revised the Drug Quantity Table in § 2D1.1(c). USSG App. C, Amend. 782. In pertinent part, the amendment increased the quantity of marijuana necessary to qualify for a base offense level of 38 from at least 30,000 kilograms to at least 90,000 kilograms of marijuana. Compare USSG § 2D1.1(c)(1) (2013), with USSG § 2D1.1(c)(1) (2014). Amendment 782 became effective on November 1, 2014 and was made retroactive by Amendment 788 the same day. USSG App. C, Amends. 782 & 788; USSG § 1B1.10(d).

## II.

The district court did not err in holding that it lacked authority to reduce Hatten's sentence under Amendment 782 since that amendment did not actually lower Hatten's sentencing range. At the original sentence hearing, the sentencing judge made a clear finding of the drug quantity attributable to Hatten—over 1,600,000 kilograms of marijuana. To arrive at that quantity, the district court converted 100 kilograms of cocaine to 1,600,000 kilograms of marijuana equivalent. In addition, Hatten was held responsible for 1.106 grams of marijuana. Under the 1992 Sentencing Guidelines, Hatten's original base offense level was 42. See USSG § 2D1.1(a)(3)(c)(1) (1992).

After Hatten's previous motion to reduce his sentence was granted, Hatten's base offense level was reduced to 38. While Amendment 782 raised the quantity of marijuana required for a base offense level of 38 from 30,000 kilograms to 90,000 kilograms, Hatten was sentenced based on over 1,600,000 kilograms of marijuana equivalent. He would therefore still receive a base offense level of 38 even with Amendment 782 taken into account. Because Hatten's sentencing range would remain unchanged, the district court did not err in concluding that it lacked authority to grant Hatten's motion for a sentence reduction based on Amendment 782.

Because the district court correctly concluded that it lacked authority to reduce Hatten's sentence pursuant to § 3582(c), the court was not required to consider the § 3553(a) factors. See Webb, 565 F.3d at 793. Moreover, any arguments about the implications of Alleyne are irrelevant because Mr. Hatten's mandatory minimum sentence was unchanged. In addition, any argument based on Alleyne is extraneous to the district court's determination as to whether it could reduce Hatten's sentence. See Bravo, 203 F.3d at 782. We therefore affirm.

**AFFIRMED.**